IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAKIYAH TORO, | : Civil No. 3:25-CV-986 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| MOUNT AIRY #1, LLC, | : |
| Defendant. | : |

### MEMORANDUM AND ORDER

Pending before the court is a request to disqualify the undersigned pursuant to 28 U.S.C. § 455(a).[1]  For the reasons stated below, the motion will be denied.

On June 2, 2025, the plaintiff commenced the above-captioned action by lodging a *pro se* complaint.[2]  She subsequently filed a motion for leave to proceed *in forma pauperis* and an amended complaint.[3] Having concluded that the plaintiff's amended complaint asserts claims under Title VII of the Civil Rights Act that have not yet been exhausted,

---

[1] Doc. 15.

[2] Doc. 1.

[3] Docs. 2, 4.

the court deferred screening of the amended complaint.[4] The plaintiff then filed a motion to proceed with screening of her complaint.[5] Noting that the plaintiff's Title VII claims have not been exhausted and further recognizing that judicial economy is best served by deferring screening once properly exhausted, the court denied the motion.[6] The plaintiff thereafter filed a motion to reconsider.[7] The court denied the motion because the plaintiff failed to assert any intervening change in the law and essentially "rehashed arguments already briefed."[8] The plaintiff now seeks to disqualify the undersigned and reassign the matter based on a display of "impartiality [that] might reasonably be questioned."[9]

The standard for disqualification of a magistrate judge is governed by 28 U.S.C. § 455, which provides:

>  (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his

---

[4] Doc. 9.

[5] Doc. 11.

[6] Doc. 12.

[7] Doc. 13.

[8] Doc. 14. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999).

[9] Doc. 15 at 1.

impartiality might reasonably be questioned.[10]

"The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."[11] As determined by the Supreme Court, "rulings alone almost never constitute a valid basis for a bias or partiality motion."[12] "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[13]

Here, our analysis of the Section 455(a) standard leads us to conclude that the undersigned should not be disqualified from this matter. The plaintiff cites to, *inter alia*, "denying [appointment of]

---

[10] 28 U.S.C. § 455(a).

[11] *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007) (quoting *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir.2003)); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994) (stating the provisions are to be "evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance.").

[12] *Liteky*, 510 U.S. at 555.

[13] *Id.*

counsel, mischaracterizing the record, invoking irrelevant precedent,[14] and delaying resolution" as grounds to disqualify the undersigned under Section 455(a).[15]  While the plaintiff contends disqualification is not "sought . . . as a challenge to a ruling,"[16] her cited deficiencies tie directly to the adverse decisions made on the plaintiff's previous motions.[17]

---

[14] The essence of the plaintiff's contentions is that "the Court declined to conduct the statutory screening required by § 1915(e)(2)." Doc. 15 at 2. However, the plaintiff is reminded that our prior order merely *deferred* screening of her complaint.  Contrary to the plaintiff's suggestion, courts are not confined to specific time limits when conducting a screening review under Section 1915(e). *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (holding a court "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." (quoting 28 U.S.C. § 1915(e)(2))); *see also Ashford v. Kelly*, No. 3:CV-15-2166, 2015 WL 7195848, at *1 (M.D. Pa. Nov. 16, 2015) ("A court must dismiss, at the earliest *practicable* time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief." (emphasis added)). Moreover, the Court notes that the plaintiff refers to her Title VII claims as "future filings." However, such claims are directly at issue in the operative, amended complaint. *See* Doc. 4.

[15] Doc. 15 at 13.

[16] *Id.* at 3.

[17] *See Cooney v. Booth*, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003), *aff'd sub nom. Cooney ex rel. Cooney v. Booth*, 108 F. App'x 739 (3d Cir. 2004) (finding that the movant's claims of bias and prejudice regarding the judge's determinations were "legally insufficient to the extent that they are based on judicial rulings with which she disagrees.").

Indeed, the plaintiff only attaches the motions and orders previously entered as exhibits.[18] Accordingly, we find there is no valid basis or display of a "deep-seated" antagonism to support the plaintiff's motion.

For the foregoing reasons, the defendant's motion to disqualify is DENIED.

So ordered this 20th day of November 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[18] *See Washington v. Sobina*, 471 F. Supp. 2d 511, 515 (E.D. Pa. 2007) (noting that the plaintiff "points to rulings and actions taken in [the judge's] judicial capacity, and then rehashes the same arguments as [] previously made" and that the plaintiff's evidence "primarily includes the orders and opinions.").