IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZAKIYAH TORO,                        :        No. 3:25cv986
        Plaintiff              :
                                              :        (Judge Munley)
                                              :
      v.                               :        (Chief Magistrate Judge Bloom)
                                              :
MOUNT AIRY #1, LLC d/b/a             :
MOUNT AIRY CASINO RESORT,            :
        Defendant              :

## ORDER

Plaintiff Zakiyah Toro, proceeding *pro se*, asserts that her former employer, Defendant Mount Airy #1, LLC d/b/a Mount Airy Casino Resort ("Mount Airy") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the Pennsylvania Human Relations Act ("PHRA"), and state tort law by discriminating against her on the basis of race. Before the court is a Report and Recommendation ("R&R") of Chief United States Magistrate Judge Daryl F. Bloom regarding this matter. (Doc. 19).

In June 2025, Chief Magistrate Judge Bloom deferred screening of Toro's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) when it was apparent that she had not yet exhausted her administrative remedies. (Doc. 9). Several months later, Toro responded by filing a motion to amend, attaching a right to

sue letter with a proposed second amended complaint.[1] (Doc. 17). The R&R recommends that the court: 1) grant the motion to amend; 2) dismiss plaintiff's state tort claims in the second amended complaint under Section 1915(e)(2)(B)(ii); and 3) issue a summons for service of the second amended complaint's remaining claims upon Mount Airy.

Chief Magistrate Judge Bloom issued the R&R on May 14, 2026. Toro did not file objections and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After reviewing the facts alleged in plaintiff's *pro se* second amended complaint, the court finds neither clear error nor a manifest injustice in Chief Magistrate Judge Bloom's recommendation that the motion to amend be granted. Plaintiff's proposed second amended complaint includes an extensive narrative

---

[1] In the interim, Toro filed a motion to compel screening of her Section 1981 claims, (Doc. 11), which was denied, (Doc. 12). She filed a motion for reconsideration, (Doc. 13), which was also denied, (Doc. 14). Toro then filed a motion to disqualify Chief Magistrate Judge Bloom, (Doc. 15), which was rejected as lacking a valid basis, (Doc. 16).

2

about her employment at Mount Airy, which is sufficient to move forward with claims under the federal and state anti-discrimination statutes.

The R&R also recommends dismissal of Toro's state tort claims for negligent supervision, negligent retention, and intentional infliction of emotional distress ("IIED").  With respect to Toro's negligence-based claims, the PHRA contains an exclusive remedy provision. 43 PA. STAT. § 962(b).  It states, in relevant part:

> [A]s to acts declared unlawful by [the PHRA,] the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned.

Id.

Upon review of the proposed second amended complaint, Toro's negligent supervision and retention theories of liability are premised on Mount Airy's alleged failure to conduct a meaningful investigation into her formal complaint of discrimination and the defendant's alleged failure to discipline or retrain the supervisors identified in the plaintiff's pleading. (Doc. 17, ¶ 115).

Such allegations are "based on the same grievance" as the race discrimination, retaliation, and hostile work environment claims asserted under the PHRA.  That is, Toro's negligence-based claims are geared toward the elimination of discrimination, not toward recovery for a different harm.

3

Consequently, the recommendation to dismiss Toro's negligent supervision and retention claims will be adopted.

On the other hand, Toro's IIED claim protects interests that are fundamentally different than the interests she seeks to protect with the PHRA claims in her second amended complaint. Schweitzer v. Rockwell Int'l, 586 A.2d 383, 389 (Pa. Super. Ct. 1990). The IIED claim is not precluded. Id.

IIED claims, however, have specific requirements: "(1) the conduct [of the defendant] must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; [and] (4) the distress must be severe." Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. Ct. 1997). The R&R recommends dismissal of Toro's IIED claim for failure to allege facts supporting the element of extreme and outrageous conduct. (Doc. 17 at 25–26).

Under Pennsylvania law, liability on an IIED claim "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Reedy v. Evanson, 615 F.3d 197, 231–32 (3d Cir. 2010) (quoting Field v. Phila. Elec. Co., 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)). Conduct found to be outrageous includes: "(1) killing the plaintiff's son with an automobile and then burying the body, rather than reporting the incident to the police; (2) intentionally fabricating documents

4

that led to the plaintiff's arrest for murder; and (3) knowingly releasing to the press false medical records diagnosing the plaintiff with a fatal disease." <u>Dull v. W. Manchester Twp. Police Dep't</u>, 604 F. Supp. 2d 739, 754 n.10 (M.D. Pa. 2009) (citations omitted).

With that requisite standard of extreme and outrageous conduct as a benchmark, Toro's IIED claim cannot proceed even when the court assumes all her allegations to be true. Therefore, the recommendation to dismiss Toro's IIED claim will also be adopted.

Accordingly, it is hereby **ORDERED** that:

1) The R&R, (Doc. 19), is **ADOPTED** in its entirety;

2) Toro's motion to amend, (Doc. 17), is **GRANTED**;

3) The Clerk of Court is directed to docket Toro's proposed second amended complaint, (Doc. 17-1), as the operative pleading in this matter;

4) Upon review of the second amended complaint, Toro's claims for negligent supervision and retention, (Count X), and intentional infliction of emotional distress, (Count XI), are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim;

5) The Clerk of Court is directed to issue a summons to plaintiff for service on the defendant regarding her claims under Title VII, Section 1981, and the PHRA; and

6) This matter is remanded to Chief Magistrate Judge Bloom for pre-trial management and the issuance of reports and recommendations on any dispositive motions.

Date: 6/2/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court